UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICKY R. MCCULLOUGH, JR.,

    Petitioner,

v.                                          Case No: 5:22-cv-102-SPC-PRL

SECRETARY, DEPARTMENT
OF CORRECTIONS and
FLORIDA ATTORNEY
GENERAL,

    Respondents.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Ricky R. McCullough, Jr.'s "Motion for Summary Judgment," construed as a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). McCullough challenges his 2011 life sentence for robbery and aggravated assault with a firearm (Marion County). (*Id.*) He alleges that the probable cause affidavit authorizing his arrest was defective. (*Id.* at 1-4). McCullough asks the Court to set aside his conviction and sentence and order his release from prison. (*Id.* at 5).[2]

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] "When an inmate raises any challenge to the 'lawfulness of confinement or [the] particulars affecting its duration,' his claim falls solely within 'the province of habeas corpus' under §

McCullough filed a prior federal habeas petition in November 2014, which this Court denied with prejudice. *McCullough v. Sec'y, Fla. Dep't of Corr.*, No. 5:14-cv-130-WTH-PRL, Doc. 29 (M.D. Fla. Nov. 1, 2016). He did not appeal. In October 2020, McCullough filed another habeas petition, which was dismissed as successive. *McCullough v. Sec'y, Fla. Dep't of Corr.,* No. 5:20-cv-496-PGB-PRL, Doc. 15 (M.D. Fla. Oct. 21, 2021). He did not appeal.

"Congress proscribes that a state prisoner only has one opportunity for federal habeas review; a second petition will be denied as successive." *Faison v. Sec'y, Fla. Dep't of Corr.*, 806 F. App'x 938, 938-39 (11th Cir. 2020). For a second or successive habeas petition to be proper, a petitioner must get authorization from the relevant court of appeals. 28 U.S.C. § 2244(b)(3)(A). Absent such an authorization, the district court has no jurisdiction to entertain a second or successive habeas motion. *Burton v. Stewart,* 549 U.S. 147, 157 (2007).

McCullough's Petition is successive, and the Eleventh Circuit has not authorized this Court to consider it. Thus, the Court lacks jurisdiction.[3]

---

2254." *Hutcherson v. Riley,* 468 F.3d 750, 754 (11th Cir. 2006) (quoting *Hill v. McDonough,* 547 U.S. 573, 579 (2006)).

[3] The Court does not need to rule on whether a Certificate of Appealability should issue in this case. *See, e.g., Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020) ("Although generally appeals from § 2254 proceedings require a certificate of appealability ("COA"), no COA is necessary to appeal the dismissal for lack of subject matter jurisdiction of a successive habeas petition. . . ") (citing *Hubbard v. Campbell,* 379 F.3d 1245, 1247 (11th Cir. 2004)); *see also Rosa v. Finkelstein,* 837 F. App'x 704, 705-06 (11th Cir. 2020).

Accordingly, it is now

**ORDERED:**

Ricky R. McCullough, Jr.'s (construed) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate all motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 28, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: OCAP-2
Copies:  All Parties of Record